Andrew L. Rempfer
Nevada Bar No. 8628
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Drive Ste 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 (fax)
Andrew@SJPlawyer.com

Attorney for Plaintiff
STACY LUXENBERG

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STACY LUXENBERG, an individual, | Case No. 2:16-cv-001762 |
| Plaintiff, | STIPULATED DISCOVERY PLAN and |
| vs. | PROPOSED SCHEDULING ORDER |
| CLARK COUNTY, NEVADA, ex. rel . CLARK COUNTY JUSTICE COURT., | |
| Defendant. | |

1. **MEETING:** Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(b), Andrew L. Rempfer of LAW OFFICES OF STEVEN J. PARSONS, counsel for Plaintiff STACY LUXENBERG and Steven Wolfson and Scott Davis of CLARK COUNTY DISTRICT ATTORNEY'S OFFICE, counsel CLARK COUNTY, met on Tuesday, September 13, 2016 and discussed the merits and proposed scheduling for this case, and the parties agree as follows:

2. **INITIAL DISCLOSURES:** The parties will exchange their initial disclosures in accordance with Fed. R. Civ. P. 26(a) no later than Tuesday, September 27, 2016. The parties expressly agree initial disclosures and all supplements thereto shall be bates-stamped with the parties' respective identifying bates system.  All documents identified by way of Fed. R. Civ. P. 26(a)(1) disclosures are to be produced in hard copy.  Documents produced in electronic format shall be produced again in hard copy if the receiving party is unable to read the electronic format. To facilitate the speedy, and efficient exchange of discovery requests, each

side agrees to send the responding party an electronic copy of any discovery request in MS Word, WordPerfect, or .rtf, .txt format upon request.

3. <u>DISCOVERY PLAN</u>:

    A. <u>SUBJECTS OF DISCOVERY</u>: Discovery may be conducted on all matters pursuant to Fed. R. Civ. P. 26(b).

    B. <u>DISCOVERY CUT-OFF DATE</u>: The plan is in general accordance with LR 26-2, and the parties request one hundred eighty (181) days to conduct percipient witness discovery measured from September 13, 2016. The last proposed day of discovery of percipient witnesses shall be Monday, March 12, 2017.

    C. <u>FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)</u>: Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) except that:

        i. The disclosure of experts and expert reports shall occur on Monday, December 12, 2016, which is ninety (90) days before the discovery cut-off date.;

        ii. The disclosure of rebuttal experts shall occur on Wednesday, January 11, 2016, which is thirty (30) days after the disclosure of experts.

4. <u>AMENDMENT OF THE PLEADINGS AND ADDING PARTIES</u>: The parties shall have until Monday December 12, 2016, to file any motion to amend the pleadings or to add parties. This is ninety (90) days before the discovery cut-off, which is in accordance with LR 26-1(b)(2).

5. <u>INTERIM STATUS REPORTS</u>: The parties shall file their interim status report required by LR 26-3 by Wednesday, January 11, 2016, which is sixty (60) days before discovery cut-off.

6. <u>DISPOSITIVE MOTIONS</u>: The parties shall have until Tuesday April 11, 2017, to file dispositive motions, which is thirty (30) days after the close of discovery.

7. <u>SETTLEMENT</u>: The likelihood of settlement cannot be presently established.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Andrew@SJPlawyer.com*

Page 2 of 5

8. <u>ALTERNATIVE DISPUTE RESOLUTION</u>: The parties certify they have met and conferred about using the alternative dispute resolution process pursuant to LR 26-1(b)(8). This is an employment-related matter assigned to the Court's Early Neutral Evaluation ("ENE"). The parties will participate in the same once scheduled by the Court. Additional alternative dispute resolution processes may be premature at this time.

9. <u>ALTERNATIVE FORUMS FOR DISPUTE RESOLUTION</u>: The parties certify they have met and considered a trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Court's Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or the use of the Court's Short Trial Program.

10. <u>PRETRIAL ORDER</u>: The pretrial order shall be filed Thursday May 11, 2017, which is thirty (30) days after the date set for filing dispositive motions in this case. This deadline is suspended if a dispositive motion is timely filed.

11. <u>FED. R. CIV. P. 26(a)(3) DISCLOSURES</u>: The disclosures required by this rule and any objections shall be included in the pretrial order.

12. <u>ELECTRONICALLY STORED INFORMATION</u>: The parties have discussed the retention and production of electronic data.   Electronic Discovery: The parties will make reasonable, good faith, proportionate efforts as required under the Rules, including, without limitation, Rule 26(g)(1)(B)(iii), Federal Rules of Civil Procedure, to locate and produce non-privileged documents that are responsive to discovery requests or subject to the affirmative disclosure requirements of Rule 26(a). The parties agree that electronic documents (such as e-mails) may be produced electronically or in hard copy.  If the requesting party specifically seeks production of electronic documents or other electronically stored information in an electronic format, subject to any appropriate objections, the electronic documents or electronically stored information which is produced shall be produced in the form in which it is ordinarily maintained, or in another reasonably useable form or forms.  Given the potential scope and expense of responding to requests for electronically stored information, the parties agree that they will meet and confer in good faith to ensure that the scope of any such request

is proportionate to the prospective cost and expense that may be required to respond. The parties agree that they will resolve any dispute regarding the disclosure of privileged material or work product in accordance with the provisions of Federal Rule of Evidence 502. The parties agree that service of discovery via electronic means, pursuant to Fed. R. Civ. 5(b), is sufficient, and the parties retain the right to receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The parties reserve the right to revisit this issue if a dispute or need arises.

13. <u>PROTECTION OF PRIVILEGED/TRIAL PREPARATION MATERIAL</u>: If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter. No inadvertent disclosure shall operate as a waiver to any claim that the document(s) is privileged.

14. The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

15. <u>LATER APPEARING PARTIES:</u> A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

Dated: Wednesday, September 14, 2016.

| LAW OFFICES OF STEVEN J. PARSONS | CLARK COUNTY DISTRICT ATTORNEY |
|---|---|
| /s/ Andrew L. Rempfer<br>ANDREW L. REMPFER<br>Nevada Bar No. 8628 | /s/ Scott Davis<br>STEVEN B. WOLFSON<br>Nevada Bar No. 1565<br>SCOTT DAVIS<br>Nevada Bar No. 10019 |
| Attorney for Plaintiff<br>STACY LUXENBERG | Attorney for Defendant<br>CLARK COUNTY |

SUBMITTED IN COMPLIANCE WITH LR 26-1(b).

ORDER

IT IS SO ORDERED.

DATED: September 15, 2016

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE